DEBRA WONG YANG, SBN 123289
DWongYang@gibsondunn.com
MICHAEL M. FARHANG, SBN 181320
MFarhang@gibsondunn.com
JASON C. LO, SBN 219030
JLo@gibsondunn.com
TIMOTHY B. YOO, SBN 254332
TYoo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Plaintiff
AMERICAN DEFENSE SYSTEMS, INC

Patrick F. Bright (SBN 68709)
**WAGNER, ANDERSON & BRIGHT LLP**
3541 Ocean View Boulevard
Glendale, California 91208
Tel: (818) 249-9300
Fax: (818) 249-9335
E-mail: pbright@brightpatentlaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AMERICAN DEFENSE SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN CALIFORNIA GOLD PRODUCTS, INC. d/b/a GYPSY RACK; JAMES MCAVOY; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 07:7134-CAS (AJWx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. Christina A. Snyder |

On consideration of the Stipulation for Protection of Confidential Materials submitted by plaintiff American Defense Systems, Inc. ("Plaintiff"), and defendants Southern California Gold Products, Inc. and James McAvoy (collectively, "Defendants," and together with Plaintiff, the "Parties"), by and through its counsel of record, Patrick Bright, on the other, subject to the approval of this Court, and for the reasons set forth below, and it appearing to the Court that such a Protective Order is necessary and appropriate and will facilitate discovery,

IT IS THEREFORE ORDERED THAT:

1. **Scope.** All documents, materials, items, testimony or information, regardless of whether stored in electronic or paper form, which contain or comprise an alleged trade secret or other allegedly confidential, technical, development or commercial information produced or filed with the Court, or produced or served either by a party or by a non-party to or for any of the parties, shall be governed by this Protective Order.

2. **Right to Designate.** Any documents, materials, items, testimony or information filed with the Court or produced or provided by any party or non-party (hereinafter the "designating party" or the "producing party") as part of discovery in this action may be designated by any party or non-party as "Confidential," or "Confidential – Attorneys' Eyes Only."

3. **"Confidential" Information Defined.** "Confidential" information is any information, testimony, answers, documents, or other discovery materials of a confidential, sensitive nature (a) which the producing party reasonably and in good faith believes is in fact confidential information (b) which has not been disclosed to, or is otherwise not reasonably available to the public or industry, and (c) includes but is not limited to information that concerns or relates to business processes, fabrication methods, embodiments of proprietary trade secrets, shipments, purchases or transfers of any product, and internal non-public communications. Copies of "Confidential" information, and the documents

2
STIPULATED PROTECTIVE ORDER

prepared by an expert or consultant that incorporate or reveal such information, shall be subject to the same treatment hereunder as are the original documents or information produced.

4. **"Confidential – Attorneys' Eyes Only" Defined.** "Confidential – Attorneys' Eyes Only" information is the highest level of protection given to any information, testimony, answers, documents, or other discovery materials of an allegedly confidential, proprietary and/or trade secret nature which is of a particularly sensitive nature of the type that could be readily exploited for commercial advantage by a competitor including, without limitation, proprietary trade secrets or competitively sensitive data, customer lists, business, product or marketing plans, product testing results, cost data, pricing information, internal training materials, and nonpublic financial data. Copies of "Confidential – Attorneys' Eyes Only" information, and the documents prepared by an expert or consultant that incorporate or reveal such information, shall be subject to the same treatment hereunder as are the original documents or information produced.

5. **Designation of Documents, Pleadings or Things.** A producing party, at the time of producing designated documents, pleadings, things, or portions thereof, in good faith may designate the information by marking each page or item with the plainly legible words "Confidential," or "Confidential—Attorneys' Eyes Only." No party shall be responsible to the producing party for any disclosure of information produced and not identified by the producing party as "Confidential," or "Confidential—Attorneys' Eyes Only" in accordance with this Protective Order. With respect to answers to interrogatories, to requests for production of documents, and to requests for admission and the information contained therein, the designation shall be made on the first page of any such set of answers and on each succeeding page that contains information designated as confidential.

Nothing in this Stipulation and Order precludes the producing party from retroactively designating any document or thing as protected subject matter or

removing said designation from any document or thing, by written notice received after receipt of the document or thing itself. Such material so designated shall be treated appropriately from the date written notice of the designation is provided to the receiving party. No party or third party receiving material later retroactively designated shall have any liability for the treatment of such material before the receipt of a notice of retroactive designation.

6. **Designation of Deposition Testimony.** Deposition transcripts or portions thereof may be so designated either (1) before the testimony is transcribed, or (2) by written notice to the reporter and all counsel of record within ten (10) days after notification by the court reporter that the transcript has been prepared, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. All transcripts will be treated as Confidential until expiration of the 10-day period following preparation of the transcript. Counsel, at his or her option, may direct that the designated question and answer be designated separately from the remainder of the deposition and be filed in a sealed envelope marked in accordance with paragraph 5 herein. Any testimony designated "Confidential," or "Confidential—Attorneys' Eyes Only" shall be disclosed only to those individuals specified in paragraph 9 hereof, and the information contained therein shall not be used for any purpose other than for the purposes of this action. At any deposition session, the entire deposition transcript or any portion thereof may be designated as "Confidential," or "Confidential—Attorneys' Eyes Only." When the entire transcript has been so designated during the deposition, the disclosing party shall, within ten (10) business days after receipt of the certified transcript, verify that the entire transcript is "Confidential," or "Confidential—Attorneys' Eyes Only," or provide confidentiality designations by page and line number to the other parties. Access to the portion of any transcript so designated shall be limited in accordance with

the terms of this Order. Where a party requests to have designations on an expedited basis for the purpose of a Court submission, the designations shall be made within five (5) business days of the request. Counsel for the party whose "Confidential" or "Confidential—Attorneys' Eyes Only" information is involved may also request that all persons other than the reporter, videographer, counsel, and any other persons permitted access to such designated information under paragraph 9 hereof leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with this request shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

    **7.**    **No Waiver or Admission.** The designation of, or failure to designate, any document, deposition, exhibit, deposition transcript, answer to interrogatory, answer to request to produce, answer to request for admission or information as "Confidential" or "Confidential – Attorneys' Eyes Only" is intended solely to facilitate preparation for trial, and treatment in conformity with such designation or non-designation will not be construed in any way as an admission or agreement that the designated document or information does contain or constitute, or does not contain or does not constitute, any trade secret or confidential information in contemplation of law.

    **8.**    **Resolution of Disputes as to Designation and Asserted Violations of Order.** Should any party object to or otherwise contest the producing party's designation of any material as "Confidential," or "Confidential – Attorneys' Eyes Only," the objecting party shall meet and confer with the producing party and attempt to resolve the dispute without the Court's intervention. If, however, the parties are unsuccessful in informally resolving any disputes regarding the designation of material after five (5) business days, the parties may seek Court intervention. The party making the designation shall have the burden to establish that its confidential designation is supported by good cause. The objecting party

may move the Court for appropriate relief, including an injunction or an Order to Show Cause seeking to hold the opposing party in contempt of Court and seeking such other relief as may be appropriate under the circumstances. Pending disposition of the motion by the Court, the party alleged to be in violation of or intending to violate this Order (other than by an allegedly improper designation) shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order. Any party may also move for relief from, or general or particular modification of, the procedure for maintaining confidentiality hereunder or the application of this Order in any particular circumstance.

9. **Restriction on Disclosure or Use.** All "Confidential" or "Confidential – Attorneys' Eyes Only" information produced in this action (including any summaries, copies, abstracts, or documents derived in whole or in part from material that has been designated pursuant to this Protective Order) is to be used by the receiving party, or persons to whom the receiving party has disclosed such materials pursuant to the terms of this Order, solely for the purposes of this action and for no other purposes. Unless ordered by the Court, all materials designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall be held by the receiving party solely for use in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose including, without limitation, any other litigation, business, governmental, or regulatory purpose or function, except as may be subpoenaed or ordered by a Court. No person may disclose, in public or private, another party's information designated "Confidential" or "Confidential – Attorneys' Eyes Only," except as set forth in this Protective Order. Persons having access to "Confidential" or "Confidential – Attorneys' Eyes Only" information shall not disclose or provide such information to any person not authorized under this Protective Order. However, nothing contained in this Protective Order shall

affect the right of any designating party to disclose to its officers, directors, employees, experts or other third parties its own information designated solely by it as "Confidential" or "Confidential – Attorneys' Eyes Only."

10. **Access.**

a. **"Confidential" Information.** Access to all information designated "Confidential" produced pursuant to discovery in this action shall only be provided by a receiving party to: (a) outside counsel and if applicable, in-house counsel for the parties in this action, and persons working solely in secretarial, clerical, paralegal, and litigation support capacities and who are assisting those attorneys in this action; (b) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (c) independent consultants or technical experts and their staffs where necessary to the expert's reports or analysis with regard to this lawsuit; (d) the Court and the Court's staff; (e) any person who is an officer, director, or employee of the receiving party and who is deemed necessary by that party's counsel for the prosecution, defense, settlement, preparation for trial, or trial of this action; (f) any person to whom the designating party agrees in writing or as ordered by the Court; (g) actual witnesses or persons who counsel reasonably believe will give testimony at trial; or (h) any person or party who is an author or recipient of the Confidential Material. The persons identified in subsections (c) of this Paragraph shall not be permitted access to materials or information designated "Confidential" unless and until they sign a written acknowledgement that they have read this Protective Order and agree to be bound by its terms. At least five (5) business days in advance of such disclosure to persons identified in subsection (c) of this paragraph, the receiving party must provide to the disclosing party an executed Certification in the form shown in Exhibit A and the following information: (i) full name; (ii) office address; (iii) present employer and job title; and (iv) curriculum vitae or resume. In the event the disclosing party objects to the disclosure to an outside consultant

or expert, then disclosure is not to occur pending resolution by the Court or written stipulation between the parties.

Notwithstanding any other provision of this Protective Order, nothing shall prevent a party from showing a witness in a deposition or trial Confidential Material even if such individual has not executed, or refuses to execute, the nondisclosure agreement in the form of Attachment A, provided that such individual is advised on the record of the proceeding that such materials are protected by this Order.

b. **"Confidential – Attorneys' Eyes Only" Information.** Information designated "Confidential – Attorneys' Eyes Only" shall be disclosed by a receiving party only to: (a) outside counsel and persons working solely in secretarial, clerical, paralegal, and litigation support capacities and who are assisting those attorneys in this action; (b) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (c) independent consultants or technical experts and their staffs where necessary to the expert's reports or analysis with regard to this lawsuit; (d) the Court and the Court's staff; (e) any person to whom the designating party agrees in writing or as ordered by the Court; or (f) any person or party who is an author or recipient of the Confidential Material.

The "Confidential – Attorneys' Eyes Only" designation shall be limited to such documents, materials, testimony, or information that the designating party believes in good faith, contain information, the disclosure of which is likely to cause significant harm to the competitive position of the designating party. All documents, testimony, information or other things designated "Confidential – Attorneys' Eyes Only" are included within the meaning of "Confidential" information as used in this Protective Order and all the provisions set forth in this Protective Order that apply to "Confidential" information also apply to materials designated "Confidential – Attorneys' Eyes Only."

Nothing in this Stipulation and Order shall prevent any counsel of record from utilizing material designated pursuant to this Order in the examination or cross-examination of any person or party who is indicated on the document as being an author, source, or recipient of the Confidential Material, regardless of which party or third party produced such Confidential Material.

11. **Filing Documents Under Seal with the Court and Use of Confidential Information at Court Proceedings.**

    a.    Any Court hearing that refers to or describes either "Confidential" or "Confidential – Attorneys' Eyes Only" information may, in the Court's discretion, be held *in camera*, out of the presence of all unqualified persons, and any transcript or portion thereof relating thereto shall, subject to the Court's approval, be designated as Confidential Information and sealed. The disclosing party may request that the proceeding be conducted *in camera*. Notwithstanding the designations given to "Confidential" or "Confidential – Attorneys' Eyes Only" information, any Court hearing or other Court proceeding which refers to or describes "Confidential" or "Confidential – Attorneys' Eyes Only" information may, in the Court's discretion, be held in open court without affecting the confidentiality of such information, and any sealed records referenced or described in such hearing or proceeding shall remain sealed.

    b.    A party seeking to file with the Court pleadings and/or exhibits that contain or annex "Confidential" or "Confidential – Attorneys' Eyes Only" information under seal shall submit an application to the Court, using sealed envelopes, together with a proposed order for approval. All sealed envelopes containing "Confidential" or "Confidential – Attorneys' Eyes Only" information shall be endorsed with the title and case number of this action and the words "Confidential – Subject to Protective Order" or "Confidential – Attorneys' Eyes Only -- Subject to Protective Order."

12. **Information in Public Domain or Otherwise Not Restricted By**

**This Order.**  Counsel for a receiving party shall have the right to assert that any information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" is, in fact, in the public domain and, therefore, is not restricted by this Order.  This Order shall not be construed to apply to any information which, prior to disclosure hereunder, is: (a) lawfully in the possession or knowledge of a receiving party or person who, absent this Order, is under no restriction with respect to the dissemination of such confidential information; (b) public knowledge through no fault of the receiving party or, after disclosure, becomes public knowledge other than through an act or omission of a party or person receiving the information designated "Confidential" or "Confidential – Attorneys' Eyes Only;" (c) lawfully obtained by a party or its counsel from a third party having the right to disclose such information; or (d) developed independently by a party as evidenced in preexisting written form.  A receiving party asserting that designated information is in the public domain or is otherwise not restricted by this Order for one or more of the reasons set forth above shall, prior to any disclosure (outside of the parameters of this Order) of such information previously designated as "Confidential" or "Confidential – Attorneys' Eyes Only," either obtain written approval of the disclosing party, or the approval of the Court to make such disclosure.

13. **Third Parties.**  A copy of this Order shall be furnished to each third party required to produce documents.  Such third party may produce documents designated as confidential pursuant to the terms of this Order in the same manner as any party, and all such designated material shall be designated as confidential in accordance with this Order.

14. **Term of Order.**  This Protective Order is intended to regulate the disclosure and handling of all "Confidential" or "Confidential – Attorneys' Eyes Only" information during the pendency of this action, but shall remain in force and effect and survive the termination of this action, unless or until it is modified, superseded or terminated on the record by agreement of the parties hereto or by

order of this Court. This Order may be amended by agreement of the parties in the form of a stipulation for Court approval that shall be filed in this action.

15. **No Waiver.** The failure to designate information in accordance with this Order or the failure to object to a designation at a given time shall not preclude the granting of a request at a later date seeking to impose a designation or challenge a designation. The procedures set forth herein shall not relieve a party of the necessity of proper response to discovery.

16. **Jurisdiction of Court.** The Court retains jurisdiction to enforce the provisions of this Protective Order and to make such amendments, modifications, and additions to this Protective Order as the Court may from time-to-time deem appropriate.

17. **Transfer.** In the event that this action is transferred to another jurisdiction or venue for further proceedings, this Stipulation and Order will remain in full force and effect.

18. **Return of Materials.** Within sixty (60) days after final termination of this action, including all appeals, each receiving party shall be under an obligation to destroy or assemble and return to the disclosing party all documentary materials or memoranda embodying information still designated confidential, including copies of all such memoranda or documentary material which may have been made; provided, however, that outside counsel of record may keep one copy of each document designated for reference in the event of disputes over the use or dissemination of information designated "Confidential" or "Confidential – Attorneys' Eyes Only." Receipt of such documentary material by the party which originally disclosed the material shall be acknowledged in writing. Rather than return "Confidential" or "Confidential – Attorneys' Eyes Only" information, counsel may certify in writing that all such designated information has been destroyed.

19. **Rendering Advice to Clients.** Nothing in this Order shall bar or

1  otherwise restrict counsel from rendering advice to their client with respect to this
2  litigation and, in the course of rendering advice, referring or relying generally on
3  the examination of "Confidential" or "Confidential – Attorneys' Eyes Only"
4  information produced or exchanged; provided, however, that in rendering such
5  advice and in otherwise communicating with the client, counsel shall not disclose
6  the contents of any "Confidential" or "Confidential – Attorneys' Eyes Only"
7  information produced by another party if that disclosure would violate the terms of
8  this Order.

9      20.    **No Probative Value.**  The fact that information is designated "Confidential" or "Confidential – Attorneys' Eyes Only" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.

**IT IS SO ORDERED**

Dated:  October 15, 2008



_____
United States Magistrate Judge

EXHIBIT A

DEBRA WONG YANG, SBN 123289
DWongYang@gibsondunn.com
MICHAEL M. FARHANG, SBN 181320
MFarhang@gibsondunn.com
JASON C. LO, SBN 219030
JLo@gibsondunn.com
TIMOTHY B. YOO, SBN 254332
TYoo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  (213) 229-7000
Facsimile:   (213) 229-7520

Attorneys for Plaintiff
AMERICAN DEFENSE SYSTEMS, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| AMERICAN DEFENSE SYSTEMS, INC., <br><br>Plaintiff, <br><br>v. <br><br>SOUTHERN CALIFORNIA GOLD PRODUCTS, INC. d/b/a GYPSY RACK; JAMES MCAVOY; and DOES 1 through 10, inclusive, <br><br>Defendants. | CASE NO. CV 07:7134-CAS (AJWx) <br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** <br><br>[Referred to Hon. Christina A. Snyder]] |

I, HEREBY CERTIFY, that I have read and understand the terms of the Protective Order in this action.  I recognize that I am bound by the terms and conditions of the Protective Order, and I agree to comply with those terms.  I hereby consent to the personal jurisdiction of the United States District Court in which this action is pending, for any proceedings involving the enforcement of the Protective Order.

I understand that I am to retain all copies if any of the materials that I receive that have been designated as containing Confidential Information in a manner consistent with this Protective Order, and that all such copies are to be returned or destroyed as specified in the Protective Order on the termination of the action or the completion of my duties in connection with this action.  I acknowledge that such return or destruction of such copies shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

Dated: _____     Signed: _____

_____
Name

_____
Employer or Affiliation

_____
Title or Position

_____
Business Address